**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAMES ANTHONY SWILLEY   # 78170**                                    **PETITIONER**

**v.**                                                      **CIVIL ACTION NO. 3:16-cv-230-CWR-RHW**

**WARDEN NEAL HIGGASON**                                              **RESPONDENT**

**REPORT AND RECOMMENDATION**

Before the Court is [9] Petitioner James Anthony Swilley's amended petition for federal habeas corpus relief filed April 28, 2016[1] pursuant to 28 U.S.C. § 2254.  Respondent Neal Higgason filed his answer to the petition along with the State Court Record on June 22, 2016. [15], [16]  Upon review and consideration of the pleadings, the records on file, and relevant legal authority, the undersigned is of the opinion that the petition for federal habeas relief should be denied and the petition, dismissed.

Facts and Procedural History

At about midnight on May 1, 2013, Ronnie Murray of the Hazlehurst, Mississippi police department responded to an alarm at Kitchens Brothers lumber yard.  As Murray proceeded to the business, he saw a car enter the roadway from an off-road area around the railroad tracks near Kitchens Brothers; the bumper was hanging out of the car's open trunk.  When Murray stopped the car, driver Billy Price told him he had torn the bumper off his car trying to help his passenger, James Swilley, free his truck[2] which was stuck on the railroad track. [16-2, p. 44]

---

[1]Swilley's original 56-page petition with 268 pages of exhibits, was dated March 22, 2016, filed March 24, 2016, and consisted primarily of copies of state court filings/records.  The Court required Swilley to file an amended petition as prescribed by the *Rules Governing Section 2254 Proceedings for the United States District Courts*. [8]

[2]Price owned the truck which Swilley, Price's nephew, was using supposedly to go to work. [16-2, p. 77]  Citations are to the record filed in this Court with document and beginning page numbers.

Terrell Davis, Criminal Investigator with Hazlehurst Police Department, photographed the truck and a quantity of "scrap iron" on the ground near the truck. Davis advised Swilley of his rights and Swilley signed a waiver of rights. Swilley told Davis he drove down alongside the railroad track to get on the Kitchens Brothers property, that he took all the metal and pipes on the ground around the truck from various places at Kitchens Brothers, and that he had gone inside the building but did not take anything from inside. [16-2, p. 80]

Alan Lee Kitchens, owner of the property in question, identified the metal lying on the ground around the truck as his property. According to Kitchens, some of the metal pieces in the photographs in evidence were equipment specially made for use on the lumber yard. Kitchens also provided the value of the items shown in the photos, *e.g*, the pipe-looking things are bolsters that go on racks where lumber is stacked and worth about $500 each, the angle irons fit into the bolsters and are worth about $250 each, the sprocket is worth about $184, the steel rack is worth about $250, the chain sprocket was valued at about $350, and the brass bush bearing is worth around $450. The other "scrap-looking metal" was kept for use around the sawmill. Kitchens testified the office door had been forced open, and that Swilley was not authorized to go on the Kitchens property, enter the office, or remove the metal from the premises. [16-2, p. 62]

In a two-count indictment filed September 25, 2013, Swilley was charged, as a habitual offender under Miss. Code Ann. § 99-19-83, with commercial burglary and grand larceny. [16-1, p. 9] On November 12, 2013, the State sought, and was granted, leave to amend the indictment to charge Swilley as a habitual offender under § 99-19-81, instead of § 99-19-83.[3] [16-1, p. 37]

---

[3]Conviction as a habitual offender under § 99-19-81 requires that one be sentenced to the maximum term of imprisonment, without parole, for the current felony; conviction under § 99-19-83 requires a sentence of life imprisonment without parole.

Swilley was tried on November 12, 2013, and the Copiah County jury found him guilty of both charges. [16-2, p. 2], [16-5, p. 153], [16-6, p. 203], [16-1, p. 56] Following a sentencing hearing on November 25, 2013, including testimony from the Circuit Clerk and introduction of documentary evidence of Swilley's prior convictions, the trial court sentenced Swilley to serve consecutive sentences of seven years for the burglary and ten years for the grand larceny, without parole. [16-2, p. 104], [16-1, pp. 64, 85]

Swilley appealed, claiming the indictment was defective because the trial court allowed amendment of the habitual offender allegation to charge him as a maximum sentence habitual rather than a life habitual offender, and asserting he received ineffective assistance of counsel at trial.[4] The Mississippi Court of Appeals affirmed on March 10, 2015, holding the amendment to charge a defendant as a habitual offender under the maximum penalty statute rather than the life imprisonment statute is an amendment of form rather than substance, and advising Swilley that his ineffective assistance of counsel claim should be pursued through a petition for post-conviction relief. *Swilley v. State*, 160 So.3d 719 (Miss. Ct. App. 2015). Swilley filed no motion for rehearing, and was thus barred from filing a petition for writ of *certiorari* in the Mississippi Supreme Court. The Court of Appeals issued its mandate on March 31, 2015. [16-4, p. 2]

Swilley filed applications for leave to seek post-conviction relief in the trial court on grounds that (1) the indictment was defective, (2) the State failed to follow statutory requirements to prove his habitual offender status, (3) the trial court erred in denying a directed verdict, (4) ineffective assistance of trial counsel, (5) the conviction was against the weight or

---

[4]These are Swilley's *pro se* claims, as Mississippi Indigent Appeals attorney Mollie McMillin filed a brief pursuant to *Lindsey v. State*, 939 So.2d 743, 748 (Miss. 2005), stating she found no arguable issues for appellate review. [16-3, p. 2], [16-6, p. 80]

3

sufficiency of the evidence, (6) ineffective assistance of appellate counsel, and (7) the State failed to prove the elements of grand larceny. [16-5, p. 9], [16-6, pp. 3, 60], [16-7, p. 5] In orders issued from June 23, 2015 to February 24, 2016, the Mississippi Supreme Court dispensed with all these claims, finding issues (1)-(3), (5) and (7) were waived, lacked an arguable basis, and/or were barred by *res judicata*, and the ineffective assistance claims failed to meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). [16-5, p. 25], [16-6, pp. 2, 56], [15-5]

In his petition before this Court, Swilley urges his indictment was faulty; his trial counsel was ineffective in failing to object to the amendment of the indictment's habitual offender charge; appellate counsel was ineffective because she filed a *Lindsey* brief; and his sentence was illegal due to lack of a factual basis to enhance his sentence.[5] Respondent argues that since these grounds were presented to, and reviewed by, the Mississippi Supreme Court, and found to have no merit, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241, *et seq.*, prohibits federal habeas relief in this case.

## Law and Analysis

The AEDPA restricts the scope of federal habeas review in 28 U.S.C.§2254(d):

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

   (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[5]Swilley argues his conviction in Copiah County Circuit Court case 14,117 cannot be used to establish habitual offender status [16-5, p. 9] because the indictment alleged he pled guilty in case 14,117 to burglary of a dwelling on December 5, 1991, but the sentencing order entered into evidence is dated December 4, 1991. [16-6, p. 51] Edna Stevens, the Copiah County Circuit Clerk in 1991 testified she knows Swilley, and she identified him as the person who was convicted in case 14,117. [16-2, p. 108]

>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(1) applies to questions of law and mixed questions of fact and law such as are presented in the instant case. *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999), *reh'g denied* April 28, 2000.

A state court decision is contrary to federal law only if it reflects a conclusion opposite to one reached by the United States Supreme Court on an issue of law, or reaches a conclusion different from the Supreme Court's on an indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision unreasonably applies federal law if it correctly identifies the governing law but applies it unreasonably to the facts of the case; this must be an objectively unreasonable application of federal law, not merely an erroneous or incorrect application. *Williams*, 529 U.S. at 407-408; *see also Ramdass v. Angelone*, 530 U.S. 156, 157 (2000); *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008); *Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000). *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (the question under AEDPA "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold...") The AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." *Id.*; *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). "The presumption is especially strong when the state habeas court and the trial court are one in the same." *Clark v. Johnson*, 202 F. 3d 760, 764 (5th Cir. 2000).

In his first and fourth grounds for habeas relief, Swilley challenges the sufficiency of his indictment and propriety of his sentencing as a habitual offender under the amended indictment.

The indictment clearly charges that on or about May 1, 2013, in Copiah County, Mississippi, Swilley committed the felonies of burglary of a commercial building in violation of MISS. CODE ANN. § 97-17-33 and grand larceny in violation of MISS. CODE ANN. § 97-17-41, and further charges that the crimes were committed after Swilley had twice previously been convicted of other felonies (also in Copiah County) which are specifically identified by case number, court, description of the offense and sentence imposed, in violation of MISS. CODE ANN. § 99-19-83, Mississippi's life-habitual statute. [16-1, p. 9] The indictment was subsequently amended to charge Swilley as a maximum-penalty habitual offender under MISS. CODE ANN. § 99-19-81, rather than as a life-habitual. The language of the indictment tracks that of the Mississippi burglary and grand larceny statutes alleged to have been violated, which fairly put Swilley on notice of the crimes charged against him, and he has made no allegation to the contrary.

Because Swilley's defective indictment claim presents a state law issue rather than a constitutional question, it provides no basis for federal habeas relief. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) (federal court is bound by state court's interpretation of state law, and state's interpretation of its own laws or rules provides no basis for federal habeas relief). A federal habeas Court does not "sit as a 'super' state supreme court ... to review errors under state law." *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). Mere errors of state law do not equate to a denial of due process, and without more, do not provide grounds for federal habeas relief. *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982). The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir.1980). Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. *McCay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

Swilley has made no showing of any defect in the indictment sufficient to deprive the state court of jurisdiction. His complaint is that the indictment was defective because it was improperly amended. The Mississippi Court of Appeals considered that claim and rejected it. Nothing supports a different result in this Court.

As with the indictment, Swilley's complaint about his sentence centers on the trial court's allowing the State to amend the indictment to charge him under the maximum penalty habitual offender statute rather than the life-habitual statute. Again, this is a matter of state law, which the state appellate courts resolved against Swilley. Mississippi law holds amendment of an indictment to charge a defendant as a habitual offender under MISS. CODE ANN. § 99-19-81 instead of § 99-19-83 is an amendment of form rather than substance since it affects only the sentence and not the offenses for which the defendant was tried. *Smith v. State*, 965 So.2d 732, 735-36 (Miss. App. 2007); *Beal v. State*, 86 So.3d 887, 892-93 (Miss. 2012). For sentencing as a habitual offender, "All that is required is that the accused be properly indicted as an habitual offender..., that the prosecution prove the prior offenses by competent evidence..., and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989). The record shows these criteria were met in Swilley's case. His prior convictions were identified in the indictment by the nature of the crime, court of conviction, cause number and date; Circuit Clerk Edna Stevens' testimony at the sentencing hearing established Swilley was the same person convicted in the prior cases; the certified copies of the sentencing orders in those cases provided documentary evidence of the prior convictions; and Swilley was afforded the opportunity to challenge the proof of his habitual status. Swilley's argument that the discrepancy between the date of conviction stated in the indictment for one of his prior convictions renders the indictment insufficient to support sentencing as a habitual

offender has been consistently rejected by Mississippi courts when the information recited as to the prior convictions provides sufficient notice of the prior offenses. *Wilkins v. State*, 57 So.3d 19, 25 (Miss. App. 2010) (error in date of a prior felony conviction does not render indictment defective); *Hill v. State*, 132 So.3d 1069, 1072 (Miss. App. 2014) (indictment was not fatally defective due to omission of judgment dates of prior convictions in habitual offender charge); *Mitchell v. State*, 58 F.3d 59, 60-61 (Miss. App. 2011) (failure to include dates of previous convictions did not invalidate habitual offender portion of indictment); see also, *Davis v. Caskey*, 2011 WL 7973003, *4 (S.D. Miss. 2011). Habeas relief is generally warranted only if a petitioner shows his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987). Swilley has made no such showing in this case. Based upon the evidence the trial court found Swilley was a habitual offender, and as required by MISS. CODE ANN. § 99-19-81, sentenced him to the statutory maximum penalties of seven years for burglary of the Kitchens Lumber office, and ten years for theft of the iron from the lumber yard. The undersigned finds no basis for habeas relief on these grounds.

Swilley's grounds two and three assert ineffective assistance of trial and appellate counsel. To warrant habeas relief based on a claim of ineffective assistance of counsel, Swilley was required to prove the performance of his attorneys was constitutionally deficient, and that the deficiency resulted in actual prejudice to him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is judged by an objective standard of reasonableness measured by professional norms. Judicial scrutiny of counsel's performance is highly deferential, is based on all the circumstances and is considered in light of the services rendered at the time, without the "distorting effects of hindsight." *Strickland,* 466 U.S. at 689-90; *Lavernia v. Lynaugh*, 845 F.2d

493, 498 (5th Cir. 1988). There is a strong presumption that counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 816-17 (5th Cir. 1986). The constitution does not guarantee error-free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982).

To meet the second prong of the *Strickland* test, it is not enough to simply allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). To show prejudice, one must demonstrate that but for counsel's deficient performance the outcome of the trial would have been different, or that the outcome of the proceeding was fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 368-69 (1993).

Swilley's claims of ineffective assistance are predicated on trial counsel's failure to prevent the amendment of the indictment to charge Swilley as a maximum penalty habitual offender rather than a life-habitual or to have the indictment dismissed, and on appellate counsel's inability to find in the trial record arguable issues for appeal. The Mississippi Supreme Court considered the merits and found Swilley's ineffective assistance claims failed to meet the *Strickland* standard. Applying the deferential standards required by both *Strickland* and by § 2254(d), the undersigned finds nothing to indicate that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Mississippi law allows amendment of the indictment as it occurred in this case. Trial counsel's inability to prevent the proper application of state law can neither be deemed deficient performance nor the cause of any prejudice to Swilley.

Swilley's claim against his appellate counsel springs from the fact that the attorney appointed to represent him on appeal found no arguable issues for appeal in his case, and filed a

9

brief to that effect pursuant to *Lindsey v. State*, 939 So.2d 743 (Miss. 2005), consistent with *Smith v. Robbins*, 528 U.S. 259, 273-274 (2000) (states are free to adopt procedures for treating frivolous appeals so long as the procedures adequately safeguard a defendant's right to appellate counsel). After finding that Swilley's appellate counsel properly followed the valid state court procedure set out in *Lindsey*,[6] the Mississippi Court of Appeals considered, and ultimately rejected, the issues presented in Swilley's *pro se* brief – improper amendment of the indictment and defective indictment, as well as his post-conviction claims of ineffective assistance of counsel and challenges to his sentence and conviction, all of which have been previously discussed. The state court correctly identified the law by which ineffective assistance claims are judged, and found Swilley failed to meet the *Strickland* standard. Swilley has failed to overcome the presumptive reliability of those findings. The record in this case provides no basis for finding any "reasonable probability" that but for the alleged errors of his attorneys, the results of Swilley's trial or appeal would have been different. Swilley has not shown the state court decision in his case is contrary to, or involved any unreasonable application of, clearly established federal law.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Swilley's amended petition for writ of habeas corpus be denied, and the petition, dismissed.

---

[6] Filing the brief required by Mississippi Rules of Appellate Procedure, and certifying she found no arguable issues that could be presented in good faith on appeal after thoroughly scouring the record for any such issues, including specific examination of Swilley's arrest and surrounding circumstances, any possible violation of his right to counsel, the indictment and all pleadings, the entire trial transcript, all rulings of the trial court, possible prosecutorial misconduct, jury instructions, all exhibits, any possible misrepresentation of law in sentencing or ineffective assistance of counsel issues, and any other possible reviewable issues, providing Swilley a copy of the brief and informing him of his right to file a *pro se* brief. *Swilley*, 160 So.3d at 720-21; *Lindsey*, 939 So.2d at 748.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3), *L.U.Civ.R.,* a parties have 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it. Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Except upon grounds of plain error, a party who fails to timely file written objections is barred from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 2nd day of June, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE